IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT BOLUS, individually, and )
d/b/a BOLUS TRUCK SALES CENTER )
)
Plaintiffs, )
vs. ) 1:12CV898
)
FLEETWOOD RV, INC, et. al, )
)
Defendants. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Defendant Cummins Atlantic, Inc.'s ("Cummins Atlantic") motion to dismiss (Docket Entry 36) Counts VII, VII, XII, XIII of Plaintiff's Complaint pursuant to Rules 41(b), 12(b)(2), 12b(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure and Local Rule 7.3. Also before the Court is Defendant Tom Johnson Camp Center Charlotte, Inc.'s ("Tom Johnson") motion to dismiss (Docket Entry 39) Counts I, II, III, IV, V, VI, VII, XI, XII, and XIII of Plaintiff's Complaint pursuant to Rules 41(b), 12(b)(2), 12b(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure and Local Rule 7.3. In addition, Defendant Fleetwood RV, Inc. ("Fleetwood") has filed a motion to dismiss (Docket Entry 41) all claims against Fleetwood pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 7.3. Plaintiff has filed a response to the motions of Cummins Atlantic and Fleetwood. (Docket Entry 50.) Plaintiff did not respond to Tom Johnson's motion to dismiss. Lastly, before the Court is Plaintiff Bolus' motion for extension of time to re-serve process on Defendants. (Docket Entry 48.) For reasons stated

herein, the undersigned recommends that Defendants' motions to dismiss be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Furthermore, it is ordered that Plaintiff's motion for extension of time to re-serve process on Defendants is denied as moot.

## I. BACKGROUND

Plaintiff purchased a Fleetwood brand RV with an alleged 450 horsepower engine from Tom Johnson. (Compl., ¶ 20, Docket Entry 1.) The alleged 450 horsepower engine seemed to lack power and thus Plaintiff took the RV back to Tom Johnson to have repairs done to the engine. (Compl., ¶ 22, Docket Entry 1.) Cummins Atlantic received the RV from Tom Johnson to repair the engine problems. (Compl., ¶ 26, Docket Entry 1.) At the end of November, Bolus learned while the RV was in Cummins Atlantic's possession it apparently became vandalized and resulted in this action. (Compl., ¶ 31, Docket Entry 1.) This case originally was filed in the United States District Court for the Middle District of Pennsylvania on October 31, 2011, two years after the alleged incident. (*See* Compl., Docket Entry 1.) Plaintiff Bolus is domiciled in Pennsylvania (Compl., ¶ 4, Docket Entry 1.); however, the incident giving rise to this action took place in North Carolina. (Compl., ¶¶ 22-24, Docket Entry 1.) Defendants Tom Johnson and Cummins Atlantic are also located in North Carolina. (Compl., ¶¶ 8-9, Docket Entry 1.) On November 1, 2011, the United States District Court for the Middle District of Pennsylvania issued a summons for "Cummins Atlantic, Fleetwood Motor Homes of IN, Inc., Tom Johnson Camp Center" (these names were later changed to their appropriate business entities names, however, this did not affect service of process). (*See* Docket Entry, Nov. 1, 2011.) The summonses,

2

however, were not mailed to Defendants until February 24, 2012, only four days before the 120-day window for service under Fed. R. Civ. P. 4(m). On February 27, 2013, Bolus requested an extension of thirty days in which to effectuate service of process. (Docket Entry 3.) The motion was granted on February 28, 2012. (Docket Entry 4.)

On March 5, 2012, Cummins Atlantic returned its waiver of service by mail. (Docket Entry 10.) On March 15, 2012, Tom Johnson returned its waiver by mail. (Docket Entry 9) On March 19, 2012, only Defendant Fleetwood filed an answer and did not raise any 12(b) motions. (Docket Entry 6.) On May 4, 2012, Cummins Atlantic filed a motion to dismiss under 12(b)(2) and 12(b)(3) for lack of personal jurisdiction in Pennsylvania and improper venue. (Docket Entries 15-16.) Subsequently, on May 14, 2012, Tom Johnson filed the same motions. (Docket Entries 17-18) After Plaintiff replied to these motions, on August 17, 2012, United States District Judge Richard A. Caputo for the Middle District of Pennsylvania transferred this case to the United States District Court for the Middle District of North Carolina. (Docket Entry 28.)

After the transfer to the Middle District of North Carolina, the Court sent a notice of an Initial Pretrial Conference Hearing (Docket Entry 29) for January 28, 2013. Between the transfer in August, 2012 and January 14, 2013 no further action was taken by either party. (*See* Docket.) On January 14, 17, and 18, 2013, the motions by Defendants heretofore mentioned in the first paragraph of this order and recommendation were filed. (Docket Entries 36, 39, 41.) Also, on January 18, 2013, a joint motion by all Defendants was filed to continue the Pre-trial Conference because of their pending motions for dismissal and

3

Plaintiff's failure to retain counsel in North Carolina. (Docket Entry 43.).[1] On January 30, 2013, Bolus obtained legal representation in North Carolina (Docket Entry 44). Thereafter, Plaintiff's counsel filed motions for leave to address the Rule 16 requirements (Docket Entry 46), extension of time to re-serve Defendants (Docket Entry 48), and leave to amend the Complaint (Docket Entry 49). Plaintiff sought leave to amend the complaint three times to state the correct names of the Defendants (Docket Entries 49, 54, 55). The Clerk of Court sent a letter (Docket Entry 51) to inform Plaintiff that Defendant Tom Johnson's motion to dismiss (Docket Entry 39) had failed to receive a response and to this date the Court has failed to receive a response.

## II. DISCUSSION

"A district court unquestionably has authority to grant a motion to dismiss for want of prosecution." *Bush v. United States Postal Serv.*, 496 F.2d 42, 44 (4th Cir. 1974) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)) (Fed. R. Civ. P. 41(b)). All Defendants have filed motions to dismiss under Rule 41(b) for failure to prosecute. (*See* Docket Entries 36, 39, 41.) The Fourth Circuit recognizes that Rule 41(b) "is not a sanction to be invoked lightly." *Reizakis*, 490 F.2d at 1135. Thus the Court applies four factors to determine if dismissal is appropriate for failure to prosecute:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

---

[1] Plaintiff is required to have counsel because he filed this action in both his individual capacity and on behalf of Bolus Corporation; thus Bolus could not proceed *pro se*. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (citing *Eagle Assoc.* v. *Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)); *see also* Docket Entry 42. Local Rule 16.1(b) also requires the parties to hold a Rule 26(f) conference at least 14 days before the Initial Pre-Trial Hearing.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). These four factors are not "a rigid four-prong test" as dismissal "depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). Trial courts are reluctant to impose harsh sanctions such as dismissal on a plaintiff for their attorney's failure to prosecute. *Bush*, 496 F.2d at 44 (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). However, courts exercise less discretion when the Plaintiffs themselves are responsible for the failure to prosecute. *Id.*

Plaintiff waited over five months to retain an attorney after this case was transferred to this Court and notice was promptly given to retain North Carolina counsel. (Docket Entry 29.) Notably, however, Plaintiff's delay is more troubling in regard to the total failure to act within those five months after being advised by the Court that an appearance of counsel was required for the Rule 26(f) meeting at least 14 days before the Pretrial Conference, scheduled January 28, 2013. (Docket Entry 34.) Plaintiff waited until the day of the conference to meet with prospective North Carolina counsel. More importantly, Plaintiff did not communicate any valid reason for delay in retaining counsel such as cost which might constitute the excusable neglect exception under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Also, the subsequent docket entries following Plaintiff's retention of North Carolina counsel all appear to be counsel's attempt to rectify such inexcusable neglect on behalf on the Plaintiff. (*See* Docket Entries 46, 48, 49.) Additionally, it correlates that Plaintiff's untimely behavior in his case resulted in the high volume of motions needed to be filed on his behalf, such as praying for extensions of time and leave to amend that the

new counsel failed to notice the need to address Defendant Tom Johnson's motion to dismiss entirely. (Docket Entry 39, 51.)

Plaintiff's dilatory prosecution of this case caused significant prejudice to Defendants' ability to effectively manage litigation in a timely manner. Such prejudice is evident in Defendants' reasoning for continuing the Pretrial Conference stating, "Requiring the parties to appear for an Initial Pretrial Conference before the Court renders a decision on the pending Motions to Dismiss would be an inefficient use of resources for both the Court and the parties." (Docket Entry 43.) Defendants clearly point out their reluctance to expend more time and money in attending the Pretrial Hearing Conference since Plaintiff had still failed to retain counsel, thus making it difficult to have the required Rule 26(f) meeting before the hearing (and no later than January 14, 2013). (Docket Entry 43.) On January 18, 2013, because of Plaintiff's lack of representation the parties were already in violation of Local Rule 16 because counsel for Plaintiff was unavailable to meet. Therefore, it was not possible for the parties to meet on January 28, 2013 for the Pretrial Conference Hearing. Consequently, the start of discovery was made impossible. (Docket Entry 34.) (Fed. R. Civ. P. 26(d)(1)). This inability to confer at the Pretrial Conference because of Plaintiff's failure to retain North Carolina counsel not only delayed the conference but also delayed the start of discovery necessary to prosecute this case.

Plaintiff's new counsel in his brief admits Plaintiff did not contact him until January 28, 2013 (the day of the noticed Pretrial Conference Hearing). (Docket Entry 46.) However, Plaintiff's new counsel did not address nor excuse Plaintiff's delay in retaining North Carolina counsel. The Court's objective is to hear valid cases; "it was the [not the]

6

purpose of [Rule 41(b)] to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the *inaction or dilatoriness of the parties seeking relief.*" *See Reizakis*, 490 F.2d at 1135-36; (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (emphasis added). Hence, when frivolous cases stay on the docket the Court's ability to efficiently hear valid cases becomes hindered. In *Reizakis*, lesser sanctions to dismissal such as monetary sanctions were imposed when the *Plaintiff's counsel* was responsible for the failure to prosecute. *Id.* (emphasis added). However, the Supreme Court held in instances where a party had deliberately proceeded in "dilatory fashion" throughout an action this is grounds for involuntary dismissal under Rule 41(b). *Link*, 370 U.S. at 629-31. Therefore, in this case in which Plaintiff's own dilatory manner caused the failure to prosecute, lesser sanctions are inappropriate. *See Reizakis*, 490 F.2d at 1135-36.

Since Plaintiff has failed to prosecute pursuant to Rule 41(b), the alternative motions filed by Cummins Atlantic (Docket Entry 36) and Tom Johnson (Docket Entry 39) under Rule 12(b) are moot. Plaintiff's motion for an extension of time to re-serve Defendants (Docket Entry 48) is also moot.

7

## III. CONCLUSION

For the reasons stated herein, this Court **RECOMMENDS** that Defendant Cummins Atlantic's motion to dismiss (Docket Entry 36) be **GRANTED**, Defendant Tom Johnson's motion to dismiss (Docket Entry 39) be **GRANTED**, and Defendant Fleetwood's motion to dismiss (Docket Entry 41) be **GRANTED**. Furthermore, **IT IS ORDERED** that Plaintiff's motion for an extension of time to re-serve Defendants (Docket Entry 48) is **DENIED** as moot.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
June 12, 2013