## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT BOLUS, individually and doing business as BOLUS TRUCK SALES CENTER, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )     1:12cv898 |
| | ) |
| FLEETWOOD RV, INC., TOM JOHNSON CAMP CENTER CHARLOTTE, INC., CUMMINS ATLANTIC, LLC, | )<br>)<br>)<br>) |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

This matter is back before the Court on Defendant Cummins Atlantic, LLC's[1] Motion to Dismiss for Failure to Prosecute, Lack of Personal Jurisdiction, and Insufficient Service of Process (Doc. #36), Defendant Tom Johnson Camping Center Charlotte, Inc.'s[2] ("Tom Johnson") Motion to Dismiss for Failure to Prosecute, Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. #39), Defendant Fleetwood RV, Inc.'s

---

[1] Pursuant to the March 14, 2013 Text Order, the proper name for this defendant is Cummins Atlantic, LLC, as opposed to Cummins Atlantic, Inc. (Docs. #49 ("Plaintiff's Motion to Amend Complaint to Correct Designation of Parties Defendant") & #55 ("Plaintiff's Motion to Correct Order Amending Pleadings").)

[2] The proper name for this defendant is Tom Johnson Camping Center Charlotte, Inc., as opposed to Tom Johnson Camp Center. (See supra n. 1; Docs. #49, 55; Text Order (Mar. 14, 2013).)

Motion to Dismiss for Lack of Prosecution (Doc. #41), Plaintiff Robert Bolus's Motion for Extension of Time Within Which to Re-Serve Defendants (Doc. #48), and the Magistrate Judge's Order and Recommendation (Doc. #56). Also before the Court are Defendant Fleetwood RV, Inc.'s Motion for Alternative Sanctions (Doc. #63) and Defendant Cummins Atlantic, LLC's Motion for Attorneys' Fees (Doc. #66).

After the Magistrate Judge recommended that Defendants' motions to dismiss be granted and Mr. Bolus's motion be denied as moot, Mr. Bolus filed an affidavit which this Court considered in its determination that sanctions less severe than dismissal are appropriate. (Docs. #56, 57, 61.) As a result, Mr. Bolus was given thirty days to file a response to Fleetwood RV, Inc.'s motion to dismiss and explain why no such response was filed in a timely fashion, the parties were given thirty days to address the Court's authority to grant an extension for Mr. Bolus to re-serve Defendants,[3] and Defendants were directed to file motions discussing what sanctions would appropriate in lieu of dismissal. (Doc. #61.) With the exception of Tom Johnson, the parties have responded to the Court's Order.[4]

---

[3] Mr. Bolus seeks in his motion an extension of time to re-serve Defendants, but he needs only to re-serve Tom Johnson and Cummins Atlantic, LLC. See infra 4-6.
[4] According to the record, Tom Johnson did not make any filings in response to the Court's Order. Therefore, it has waived its opportunity to be heard on appropriate sanctions and the issue of re-service.

I.

First, it was presumed that Mr. Bolus had not responded to Tom Johnson's motion to dismiss because, as docketed, Mr. Bolus's opposition to the motions to dismiss appeared only to respond to Cummins Atlantic, LLC's and Fleetwood RV, Inc.'s motions. (See Doc. #50.) However, as Mr. Bolus explained, in his Brief in Opposition to Defendants' Motions for Dismissal, he did in fact respond to each of the three Defendants' motions. (See, e.g., id. at 1 ("Pending before the court are motions by each of the defendants to dismiss this action . . . . Plaintiff opposes the motions to dismiss the action . . . .") (emphasis added).)

II.

Next, the Court asked the parties to address whether it has authority to permit Mr. Bolus to re-serve Defendants, particularly in light of the fact that the time for service has expired.[5] After the case was filed on October 31, 2011, it was transferred from the District of Pennsylvania to this Court on August 17, 2012, 291 days after the Complaint was filed. (Docs. #1, 27.) Prior to the transfer, Fleetwood RV, Inc. had answered the Complaint.

---

[5] With the exception of Mr. Bolus, who directed the Court to his earlier filing in opposition to Defendants' motion to dismiss, the parties did not actually address the question of the Court's authority. Instead, Cummins Atlantic, LLC reargued its position that Mr. Bolus has not shown good cause, a position supported by Fleetwood RV, Inc. And, as noted above, Tom Johnson failed to respond at all.

3

(Doc. #6.) However, although Mr. Bolus served Tom Johnson and Cummins Atlantic, LLC with a summons issued by the District of Pennsylvania, he did not perfect service on either of those Defendants because the District of Pennsylvania lacked personal jurisdiction over them. He has not served either of those Defendants with a summons issued by this Court. And, he did not move for an extension of time to do so until February 11, 2013 – 469 days after the Complaint was filed and 178 days after the case was transferred to this District.

A.

Mr. Bolus argues that "[t]he law is in a considerable state of uncertainty as to whether or not there must be re-service in the transferee district, at least where no answer has been filed that raises personal jurisdictional or service issues." (Doc. #50 at 4.) Yet, he then acknowledges that "it would be the wiser course for plaintiff immediately to attempt re-service on each of the defendants[,]" (id. at 6), a course of action that Mr. Bolus should have taken long before he moved to do so.

In contrast to Mr. Bolus's description of the state of the law on the issue of re-service, the Fourth Circuit has stated, albeit in an unpublished decision, that re-service in the transferee court is required at least when service in the transferor court was unperfected. Harding v. Williams Property

4

Co., 163 F.3d 598 (Aug. 31, 1998) (unpublished).[6]  Harding argued that service in the transferee court was unnecessary because the defendants had actual notice of the suit and the ineffective service resulted from the court's lack of personal jurisdiction over the defendants. Id. at *4.  The Fourth Circuit disagreed, explaining that Rule 4(a) of the Federal Rules of Civil Procedure "strongly implies that service of a summons issued by the transferee court is a prerequisite to personal jurisdiction[,]" quoting the relevant part of the Rule, "The summons shall be signed by the clerk . . . identify the court . . . ." Id. (emphasis added in Harding.)  Moreover, the court explained that "[t]he character and purpose of the summons confirm the accuracy of this implication" because "[t]he summons is one means by which the federal courts assure defendants of due process of law." Id.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'

---

[6] Mr. Bolus attempts to distinguish his case from that of the plaintiff in Harding, noting that the Harding plaintiff never obtained proper service in the transferor court. (Doc. #50 at 5.)  Rather than being a distinction between the two cases, it is actually a similarity despite the factual differences in the two cases, as Mr. Bolus did not perfect service on Tom Johnson or Cummins Atlantic, LLC due to the District of Pennsylvania's lack of personal jurisdiction over them.

5

Id. (quoting Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404 (1987) (quoting Mississippi Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45, 66 S. Ct. 242 (1946))). According to the Harding court, "It follows, then, that previously unperfected personal jurisdiction does not attach in a transferee district court until a summons issued by that court is properly served." Id. quoted in Hansan v. Fairfax Cnty. Pub. School Bd., No. 1:09CV558(GBL), 2010 WL 1779679, *2-3 (E.D. Va. Apr. 30, 2010) (holding that the "Plaintiff's attempts to serve Defendant were not effective under Rule 4(m) because the District Court of Maryland did not have personal jurisdiction over Defendant"). Therefore, although Harding is an unpublished opinion, re-service on Tom Johnson and Cummins Atlantic, LLC is required.

B.

The issue of whether or not the Court has authority to permit Mr. Bolus to re-serve Tom Johnson and Cummins Atlantic, LLC, particularly in light of the expiration of the time period within which to serve them, is informed by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) reads:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"[T]o establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service." Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (citing 1 James W. Moore et al., Moore's Fed. Practice § 4.82[1] (3d ed. 2002)). "Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)." United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 528 (E.D. Va. 2005).

Mr. Bolus has not presented evidence to support a finding of good cause. As he must, "Plaintiff readily acknowledges that no new efforts to serve process on any of the defendants were made after the case was transferred to this district." (Doc. #50 at 3.) Had Mr. Bolus moved for an extension at the time that the case was transferred, which he would have been required to do due to the expiration of the 120 days within which to serve Defendants, it would "generally [be] expect[ed] [that] the transferee court [would] find 'good cause' to extend the period for service for an 'appropriate period.'" Harding, 163 F.3d 598, *5. He did not.

Nevertheless, even absent a showing of good cause, Rule 4(m) states that a court may "order that service be made within a specified

7

time." Furthermore, the 1993 Advisory Committee Notes for Subdivision (m) explain that subdivision (m) ". . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause."

Despite the language of Rule 4(m) and its corresponding Advisory Committee Notes, the Fourth Circuit and its district courts have often considered themselves constrained by the holding in Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995), that "Rule 4(m) requires that good cause be shown for obtaining an extension." See e,g., Chen v. Mayor of Baltimore, 292 F.R.D. 288, (D. Md.) ("[D]espite the apparent avalanche of cases within this circuit that question the validity of Mendez, . . . [t]his court joins the recent groundswell of cases [from the District of Maryland] affirming the import of the good cause requirement announced in Mendez.") aff'd, 546 F. App'x 187 (4th Cir. 2013), cert. granted in part, 135 S. Ct. 475 (2014) (granting writ of certiorari on "[w]hether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held?"), cert. dismissed, 135 S. Ct. 939 (2015) (dismissing writ of certiorari because

8

Petitioner failed to timely file a brief on the merits), reh'g denied, 135 S. Ct. 1485 (2015);[7] Tenenbaum v. PNC Bank Nat'l Assoc., et al., No. DKC 10-2215, 2011 WL 2038550, *4 (D. Md. May 24, 2011) (noting that "while Mendez may stand on shaky footing, it remains the law of this circuit"); Vantage v. Vantage Travel Serv., Inc., No. 6:08-2765-HMH, 2009 WL 735893, *2, 3 (D.S.C. Mar. 20, 2009) (explaining why "the holding in Mendez is arguably no longer viable[,]" but also finding that "to the extent Mendez . . . remains good law," the plaintiff had shown good cause). But see, e.g., Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237 (4th Cir. 1999) (unpublished) (quoting Henderson v. United States, 517 U.S. 654, 658 n. 5, 116 S. Ct. 1638 (1996) ("Rule 4(m)" . . . permits a district court to enlarge the time for service 'even if there is no good cause shown'.") and finding "the Court's statement as persuasive as to the meaning of Rule 4(m))[8] (emphasis added in Scruggs); Lane v. Lucent Techs., Inc., 388 F.

---

[7] "A rare opportunity to clarify an important issue and address a split in the circuits has surely been missed." Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC, No. 3:14-cv-00307-MOC-DCK, 2015 WL 1893839*4 (W.D.N.C. Apr. 27, 2015).

[8] Although the Scruggs court found Henderson persuasive and applied it when it found that the district court had discretion to extend the time for service even without a showing of good cause, the court noted that the plaintiff "made no effort whatever to discuss or argue the import of Henderson at oral argument before this court . . . even after the court raised the Henderson dicta sua sponte. Accordingly, [the court] reserve[d] to another day – a day when both parties are prepared at least to address the issue . . . – formal adoption of the Henderson dicta as the appropriate construction of Rule 4(m) in [the Fourth] Circuit." 198 F.3d 237, *3.

9

Supp. 2d 590, 596-97 (M.D.N.C. 2005) (noting that Henderson "undermines the validity of Mendez's mandated dismissal absent a showing of good cause" and finding that the court had discretion to extend the time for service absent a showing of good cause).

However, "[a] careful reading of Mendez reveals that it was governed by the prior version of the rule, Rule 4(j), which clearly required a showing of good cause." DiPaulo v. Potter, 570 F. Supp. 2d 802, 806 (M.D.N.C. 2008). "The Fourth Circuit's holding in Mendez applies to pre-amendment Rule 4(j), therefore, and does not apply to the applicable rule in this case, the amended Rule 4(m)." Id. at 806-807. "Rule 4(m) now gives district courts discretion to grant extensions of time for service of process without a showing of good cause . . . ." Id. at 807. Therefore, although Mr. Bolus has not shown good cause for his failure to timely serve Tom Johnson and Cummins Atlantic, LLC, the Court has discretion to extend the time for service.

The exercise of the Court's discretion in this case is not only governed by Rule 4(m), but also by Rule 6(b)(1)(B). Because Mr. Bolus moved to re-serve Defendants after the expiration of the 120-day time for service, Rule 6(b) requires him to show excusable neglect for his failure to act before the Court can extend the time for service. While some courts within this circuit

have not found it necessary to analyze or apply Rule 6 in these situations, more courts have required a showing of excusable neglect under these circumstances. Compare, e.g., Vantage, 2009 WL 735893, at *3 ("Plaintiff is not required to show excusable neglect pursuant to Rule 6(b) . . . because Rule 4(m) envisions that an order to serve the summons and complaint within a particular time would occur after the expiration of the 120-day deadline.") with Clark v. E.I. Dupont de Nemours & Co., Inc., 86 F.3d 1149, *1 (4th Cir. May 30, 1996) (unpublished) ("If the request [for an extension of time to for service] is made after the expiration of the 120-day period, the moving party must show that the failure to act 'was the result of excusable neglect.'") (quoting Rule 6(b) of the Federal Rules of Civil Procedure and affirming the district court's finding that the plaintiff failed to establish good cause for failing to comply with Rule 4(m) and failed to establish excusable neglect "entitling her to an extension under Rule 6(b)"). "To avoid dismissal under either [Rule 4(m) or Rule 6(b)], a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules." Hines v. N.W. Va. Operations, No. 1:08CV144, 2009 WL 132817, *1 (N.D.W. Va. May 12, 2009) (citing Nanyonga v. I.N.S., 200 F.R.D. 503, 507 (M.D. Pa. 2001)); see also 4B Charles Alan Wright et al.,

Federal Practice & Procedure § 1165 (4th ed. 2015) (stating same as the definition of excusable neglect as the term is used in Rule 6(b)).

The determination of whether a party's inaction is a result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)[9]). These relevant circumstances include "the danger of prejudice to the nonmovant, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." U.S. ex rel. Shaw Env't, Inc., 225 F.R.D. at 528-29 (citing Pioneer, 507 U.S. at 395, 113 S. Ct. 1489). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept[.]'" Pioneer, 507 U.S. at 392, 113 S. Ct. at 1496 (internal citation omitted). But see Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996) ("'Excusable

---

[9] Although Pioneer addressed the meaning of excusable neglect in the bankruptcy context, courts have applied its explanation of the phrase in non-bankruptcy cases. See, e.g., Tucker v. Chrysler Credit Corp., 149 F.3d 1170 (4th Cir. 1998) (affirming finding of no excusable neglect for the plaintiff's failure to timely respond to a motion to dismiss).

12

neglect' is not easily demonstrated, nor was it intended to be."). The "most important" factor among those identified in Pioneer "is the reason for the failure" to act. Thompson, 76 F.3d at 534.

Here, the facts support a finding of excusable neglect, even though Mr. Bolus's arguments in support of such a finding fall short.[10] (See Doc. #50 at 7.) Although Mr. Bolus did not perfect service on Tom Johnson and Cummins Atlantic, LLC in the District of Pennsylvania, those Defendants have been on notice of the allegations asserted against them since at least early March 2012 when they had either waived service or by which time they had received the Complaint and that District's summons. (See, e.g., Docs. #9, 10.) According to Mr. Bolus's affidavit filed after the Magistrate Judge recommended dismissal for failure to prosecute, Mr. Bolus asked his Pennsylvania attorney, Mr. Elliott, to find him local counsel after the case was transferred to this district. (Doc. #57 ¶ 4.) Mr. Elliott agreed to do so, but "nothing happened after a period of a few months." (Id.) After Mr. Bolus had difficulty reaching Mr. Elliott, he took it upon himself in early

---

[10] Mr. Bolus argues that (1) he "reasonably believed and still believes that re-service in North Carolina is not necessary, since service was originally obtained in Pennsylvania;" (2) "[p]rejudice to the other parties is not identifiable[;]" (3) "[t]he impact on the judicial proceeding will be minimal, because the initial pre-trial conference has been delayed anyway on account of pending motions[;]" and (4) "the reason for delay and whether or not delay was within the control of movant are bound up in the question of whether or not re-service is required anyway[.]" (Doc. #50 at 7.)

13

January to find local counsel. (Id.)  After speaking with "a great number of North Carolina attorneys," he found his present counsel who agreed to represent him.[11] (Id.)  Although several court-imposed deadlines had since passed, Mr. Bolus's present counsel promptly attempted to remedy some of these failures.

Unlike cases where a party has outright failed to take any action within the prescribed period of time, Mr. Bolus did serve Defendants with the summons issued by the District of Pennsylvania and the Complaint, which Fleetwood RV, Inc. answered.  Because Tom Johnson and Cummins Atlantic, LLC successfully challenged personal jurisdiction causing the case to be transferred to this district, Mr. Bolus and his counsel were faced with a situation in which one defendant had answered the Complaint and the other two defendants had been served the Complaint and summons, albeit the latter issued by a court lacking personal jurisdiction over them.  As noted above, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  It is also "appropriate to hold a client accountable for the mistakes of counsel[.]" Thompson, 76 F.3d at 533.  However, the concept of "excusable neglect" is an "elastic" one.

---

[11] As of the date of this opinion, however, Mr. Elliott has not withdrawn from the case.

14

Considering all of the relevant circumstances, the facts do not suggest that Mr. Bolus or his counsel acted in bad faith when Mr. Bolus failed to timely re-serve Tom Johnson and Cummins Atlantic, LLC. Although Mr. Bolus's counsel did not seek an extension of time within which to re-serve Defendants until approximately six months after the case was transferred, the prejudice that the passage of those six months may have caused to Tom Johnson's and Cummins Atlantic, LLC's ability to defend themselves is outweighed by the other factors. Further, Mr. Bolus's counsel filed the motion for an extension of time to re-serve Defendants less than two weeks after he filed a Notice of Appearance, the same date, according to Mr. Bolus, that his counsel agreed to represent him. (See Docs. #44, 48, 57.) In sum, the relevant circumstances surrounding Mr. Bolus's failure to timely serve or move for an extension of time within which to serve support a finding of excusable neglect.

Therefore, the Court will exercise its discretion and permit Mr. Bolus an extension of time within which to re-serve Tom Johnson and Cummins Atlantic, LLC. However, before he is permitted to do so, considering his failure to prosecute the case, he must first pay all three Defendants' reasonable attorneys' fees associated with their moving to dismiss due to Mr. Bolus's failure to prosecute, as ordered below.

III.

The Magistrate Judge detailed in his Recommendation Mr. Bolus's dilatory conduct in pursuing this case in this District. (See Doc. #56 at 3-4.) Nevertheless, after considering Mr. Bolus's affidavit (Doc. #57), this Court determined in its September 26, 2013 Order that sanctions less severe than dismissal for failure to prosecute are appropriate. (Doc. #61 at 3.)

After the case was transferred to this district in August 2012, Mr. Bolus took no action for approximately five months. Consequently, Defendants filed motions to dismiss for failure to prosecute[12] and briefs in support thereof on January 14, 17, and 18, 2013. (Docs. #36, 39, 41.) On January 18, Defendants filed a joint motion to continue the initial pre-trial conference, a motion filed due to Defendants' pending motions to dismiss. (Doc. #43.) Finally, on January 22, Mr. Elliott[13] gave telephone notice[14] consenting to Defendants' motion to continue the pre-trial conference. It was not until January 30 – over five months after the transfer and notice

---

[12] Tom Johnson and Cummins Atlantic, LLC also moved to dismiss for insufficient service of process and lack of personal jurisdiction because Mr. Bolus had not perfected service. (See Docs. #36, 36, 41.)

[13] Mr. Elliott responded to the motion to continue, but Mr. Bolus still did not have local counsel.

[14] Because Mr. Bolus had no local counsel who had made an appearance before this Court by the time Defendants moved to continue the initial pre-trial conference, they could not confer with Mr. Bolus's local counsel prior to filing their motion. (See Doc. #43.)

16

from the Clerk that Mr. Elliott was not admitted to practice in this district, over two months after the Clerk informed Mr. Elliott of the date of the initial pre-trial conference, approximately two weeks after Defendants moved to dismiss the case, and two days after the scheduled initial pre-trial conference – that Mr. Bolus's local counsel made an appearance before the Court. (Docs. #27, 29, 34, 44.)

Mr. Bolus's conduct, as described above, in addition to his failure to re-serve Tom Johnson and Cummins Atlantic, LLC or timely move to do so, led Defendants to move to dismiss the action, move to continue the scheduled pre-trial conference, respond to Mr. Bolus's objections to the Magistrate Judge's Recommendation of dismissal, and respond to this Court's order to move for sanctions in lieu of dismissal. Despite this, Mr. Bolus maintains that "[it] would not make any sense whatever for defendants now to be permitted to load up plaintiff with massive attorneys' fees for all kinds of activities that defendants claim are somehow connected to plaintiff's extremely minimal act of dilatoriness." (Doc. #68 at 3.) He also attacks Defendants' counsel in an effort to advance an argument that the sanction of attorneys' fees would effectively lead to the "dismissal of this case with prejudice" because "the result would be a legal bill far too great for plaintiff to pay[.]" (Id. at 3-4.) In so doing, Mr. Bolus overlooks the

17

requirement that the attorneys' fees be reasonable, (Fed. R. Civ. P. 16(f)(2)), and Fleetwood RV, Inc.'s and Cummins Atlantic, LLC's request for reasonable attorneys' fees specifically associated with having to move to dismiss due to Mr. Bolus's failure to prosecute his case, (Docs. #64, 67).

Having reviewed Fleetwood RV, Inc.'s and Cummins Atlantic, LLC's requests for sanctions, Mr. Bolus's response to their requests, the Magistrate Judge's earlier Recommendation of dismissal, Mr. Bolus's affidavit, and the relevant facts of the case, it is determined, pursuant to Rule 16(f), that an appropriate sanction in lieu of dismissal for failure to prosecute is for Mr. Bolus to pay Defendants' reasonable attorneys' fees incurred in bringing and litigating their motions to dismiss and all matters reasonably stemming therefrom. See Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order."); see also Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this

rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.) "'While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial.'" Burch v. Blue Cross Blue Shield of N.C., No. 1:08CV364, 2009 WL 4950578, *2 (M.D.N.C. Dec. 14, 2009) (quoting In re Baker, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).

IV.

Defendants Fleetwood RV, Inc., Tom Johnson, and Cummins Atlantic, LLC are instructed to file, by July 14, 2015, documentation of the reasonable attorneys' fees incurred in bringing and litigating their motions to dismiss and all matters reasonably stemming therefrom.

If Mr. Bolus takes issue with any of those submissions, he has until July 29, 2015, to respond. The parties' filings will then be taken under consideration in drafting an Order directing Mr. Bolus to pay Defendants' reasonable attorneys' fees. Although that forthcoming Order will provide specific dates by which fees must be paid, it is anticipated that Mr. Bolus will have thirty days from the date of the Order to pay Defendants' reasonable attorneys' fees. Only after Mr. Bolus makes full payment to all

Defendants will he be able to serve Tom Johnson and Cummins Atlantic, LLC, which he will have to do within thirty days of making payment.

V.

For the reasons stated herein, the Order and Recommendation (Doc. #56) is not adopted for reasons stated in this Court's September 26, 2013 Order (Doc. #61); Defendant Cummins Atlantic, LLC's Motion to Dismiss for Failure to Prosecute, Lack of Personal Jurisdiction, and Insufficient Service of Process (Doc. #36) is **DENIED;** Defendant Tom Johnson's Motion to Dismiss for Failure to Prosecute, Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. #39) is **DENIED**; Defendant Fleetwood RV, Inc.'s Motion to Dismiss (Doc. #41) is **DENIED**; Plaintiff's Motion for Extension of Time Within Which to Re-Serve Defendants (Doc. #48) is **GRANTED SUBJECT TO CONDITIONS SET OUT IN THIS OPINION**; Defendant Fleetwood RV, Inc.'s Motion for Alternative Sanctions (Doc. #63) is **GRANTED** as set out in this Opinion; and Defendant Cummins Atlantic, LLC's Motion for Attorneys' Fees (Doc. #66) is **GRANTED** as set out in this Opinion.

This the 29th day of June, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge